UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LOUIS MOREIRA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:21-cv-01166-TWP-MG |
| ) | |
| WENDY KNIGHT, ) | |
| ) | |
| Respondent. ) | |

**Order Denying Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

The petition of Louis Moreira for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. CIC 21-02-0215. For the reasons explained in this Order, Mr. Moreira's habeas petition must be **denied**.

    **A.**    **Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

### B. The Disciplinary Proceeding

On February 20, 2021, Unit Team Manager C. Evans wrote a conduct report charging Mr. Moreira with offense B-212, committing battery resulting in bodily injury. Dkt. 9-1. The report states:

> Offender Kurt Muzquiz W/M 951853 E 1/3 TV Room came to my office on 2/22/2021 at 1:00 PM to have pictures taken of two bruises on his left and right arms. When asked, he explained Offender Louis Moreira 226662 has been bullying him. Muzquiz stated he has been punched, pinched, and bitten by Moreira.
>
> During my investigation of the battery, I UTM. C. Evans W/M 91, spoke with Offender Moreira who admitted to me that he did bite Muzquiz. When asked, Moreira stated Muzquiz told him his "Bark was worse than his bite, so I bit him." Moreira attempted to explain that it was playful and he was only trying to help Muzquiz.
>
> Both Kurt Muzquiz W/M 951853 E5-4B and Louis Moreira W/M 226662 E52A live in the TV room. Muzquiz stated the bite happened in the TV room Saturday evening 2/20/2021.

*Id.*

On February 24, 2021, the screening officer notified Mr. Moreira of the charge and provided him with a copy of the conduct report and a copy of the notice of the disciplinary hearing. Dkt. 9-3. Mr. Moriera pleaded not guilty and waived 24-hour notice of the disciplinary hearing. *Id.* He requested Mr. Muzquiz as a witness to pose the question whether they were playing, and "Video footage of whatever I did." *Id.* Prison staff secured Mr. Muzquiz's statement and designated his testimony confidential. Dkt. 10. Staff denied Mr. Moreira's request for video because he did not specify a time frame for the video footage he sought. Dkt. 9-3.

The disciplinary hearing officer held a hearing on March 1, 2021. Dkt. 9-4. Mr. Moreira stated that he and Mr. Muzquiz "were playing around" when he bit Mr. Muzquiz. *Id*. After considering Mr. Moreria's statement, the staff reports, and evidence from the witnesses, the hearing officer found Mr. Moreira guilty of offense B-212, committing battery resulting in bodily injury,

explaining that Mr. Moreira admitted that he bit Mr. Muzquiz. *Id.* The disciplinary hearing officer sanctioned Mr. Moreira with a written reprimand, 30-days lost commissary privileges, a suspended 90-day assignment to disciplinary restrictive housing, a 60-day deprivation of earned credit time, and a one-step demotion in credit class. *Id.*

Mr. Moreira appealed his disciplinary conviction to the facility head and to the Department's Appeal Review Officer. Dkt. 9-5; 9-6. He then filed this petition for a writ of habeas corpus.

**C.     Analysis**

In support of his habeas petition, Mr. Moreira argues that the denial of his request to have Mr. Muzquiz as a witness and his request for video evidence of the incident violated his due process rights. The respondent argues that the denials of Mr. Moreira's discovery requests were justified and even if those denials were not justified, they were harmless.

Here, the Court understands Mr. Moreira to contend that if he had been able to receive testimony from Mr. Muzquiz and had been provided video of the incident, Mr. Muzquiz's testimony and the video would have shown that he and Mr. Muzquiz were playing around. But horseplay is not an exception to the definition of battery in the Disciplinary Code for Adult Offenders. That document defines battery as "Knowingly or intentionally touching another person in a rude, insolent or angry manner; or in a rude, insolent, or angry manner placing any bodily fluid or bodily waste on another person." Dkt. 9-7. Mr. Moreira admits that he bit Mr. Muzquiz, and thus that he intentionally touched him in a rude manner, placing bodily fluid on him. Mr. Moreira has failed to show how he was harmed by the denial of the evidence at issue.

3

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Moreira to the relief he seeks. Accordingly, Mr. Moreira's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 2/3/2022

*[Signature]*

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

LOUIS MOREIRA
226662
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Benjamin Myron Lane Jones
INDIANA ATTORNEY GENERAL
benjamin.jones@atg.in.gov